AO 245B   (Rev. 12/03) Judgment in Criminal Case
         Sheet 2 — Imprisonment   TXND Mod - 9/28/04

Judgment — Page __4__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**60 months on each of Counts 1, 15 and 20 of the second superseding Indictment, and Count 1 of the revised second superseding Indictment; and for a term of 80 months on each of Counts 10, 13, and 14 of the second superseding Indictment, and Counts 2 through 21 of the revised second superseding Indictment. The sentence on each count is to run concurrently with the other for a total aggregate sentence of 80 months.**

[✓] The court makes the following recommendations to the Bureau of Prisons:
   **assign the defendant to the Federal Correctional Institution in Seagoville, Texas.**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
MAY 22 2008
CLERK, U.S. DISTRICT COURT
By _____ Deputy

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____
   [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [✓] before **2:00 p.m.** on **January 16, 2007**
   [✓] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  __11/7/07__  to  __USP Atlanta__
a __2010__ , with a certified copy of this judgment.

Loren A Grayer
~~UNITED STATES MARSHAL~~
warden

By __C. Richardson__
~~DEPUTY UNITED STATES MARSHAL~~
Admin Tech

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **3 years on each count. All terms of supervised release are to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release   TXND Add - 09/28/04

Judgment—Page __6__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons.

The defendant shall not incur new credit charges or open additional lines of credit, either as a principal or co-signer or through any corporate entity, without approval of the U.S. Probation Officer.

The defendant shall provide to the U.S. Probation Officer complete access to all business and personal financial information.

The defendant shall not maintain more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the U.S. Probation Officer.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the U.S. Probation Officer.

The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of exporting or importing goods outside of the United States.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties   TXND Mod 2 - 09/28/04

Judgment — Page __7__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 2,700        | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-------------------------|----------------------------|
|                   |                         |                            |

**TOTALS**   $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments   TXND Mod 1 - 09/28/04

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

Judgment — Page __8__ of __8__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the defendant shall pay to the United States a special assessment of $2,700, for Count 1, 10, 13, 14, 15 and 20 of the second superseding Indictment and Counts 1 through 21 of the revised second superseding Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, United States District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ORIGINAL

≈AO 245B  (Rev. 12/03) *Amended Judgment in a Criminal Case
Sheet 1  TXND Mod - 09/28/04

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 7 2006

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

# UNITED STATES DISTRICT COURT
### Northern District of Texas - Dallas Division

| UNITED STATES OF AMERICA | *AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| GHASSAN ELASHI | Case Number: **3:02-CR-052-L(02)** |
| | USM Number: **29687-177** |
| | **Tim Evans** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)  1, 10, 13-15, and 20 of the second superseding Indictment filed August 21, 2003;
   after a plea of not guilty.   and Counts 1-21 of the revised second superseding Indictment filed April 14, 2005.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 (50 USC §§ 1701-1706) | Conspiracy to Violate the Export Administration Regulations and the Libyan Sanctions Regulations | August 2000 | 1 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Syrian Export Violations and Aiding and Abetting | April 6, 1999 | 10 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  4-6, 8, 9, 11, 16-19, and 21-25 of the second superseding Indictment

☑ Count(s)  **of the original Indictment and the first superseding Indictment**  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 12, 2006**
Date of Imposition of Judgment

*/s/ Sam A. Lindsay*
Signature of Judge

**Sam A. Lindsay**
**United States District Judge**
Name and Title of Judge

**November 7, 2006**
Date

**\*This Amended Judgment is issued to correct a clerical omission on page 4 regarding the location where Defendant would serve his sentence. The court recommends that Defendant serve his sentence at FCI Seagoville.**

AO 245B      (Rev. 12/03) Judgment in a Criminal Case
             Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:02-CR-052-L(02)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1001(a)(3) & 2 | False Statement and Aiding and Abetting | April 6, 1999 | 13 |
| 18 USC §§ 1957 & 2 | Money Laundering and Aiding and Abetting | April 15, 1999 | 14 |
| 18 USC § 371 (18 USC §§ 1001(a)(3) & 2) | Conspiracy to File False Shipper's Export Declaration Forms and Aiding and Abetting | September 13, 1999 | 15 |
| 18 USC §§ 1001(a)(3) & 2 | False Statement and Aiding and Abetting | February 26, 1999 | 20 |

**Revised Second Superseding Indictment:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 (50 USC §§ 1701-1706) | Conspiracy to Deal in the Property of a Specially Designated Terrorist | July 31, 2001 | 1 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | July 31, 2001 | 2 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | March 5, 1998 | 3 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | June 24, 1998 | 4 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | September 14, 1998 | 5 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | December 16, 1998 | 6 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | May 5, 1999 | 7 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | June 28, 1999 | 8 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | September 11, 2000 | 9 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | October 5, 2000 | 10 |
| 50 USC §§ 1701-1706 and 18 USC § 2 | Dealing in the Property of a Specially Designated Terrorist and Aiding and Abetting | June 26, 2001 | 11 |
| 18 USC § 1956(h) | Conspiracy to Commit Money Laundering | July 31, 2001 | 12 |


AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1A

Judgment—Page __3__ of __8__

DEFENDANT: **GHASSAN ELASHI**
CASE NUMBER: **3:05-CR-052-L(02)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | March 5, 1998 | 13 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | June 24, 1998 | 14 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | September 14, 1998 | 15 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | December 16, 1998 | 16 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | May 5, 1999 | 17 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | September 28, 1999 | 18 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | October 4, 2000 | 19 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | Ocrober 5, 2000 | 20 |
| 18 USC §§ 1956(a)(1)(B)(i) & 2 | Money Laundering and Aiding and Abetting | June 26, 2001 | 21 |